UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FOUGERE Q. HOLCOMBE,

                Plaintiff,        **ORDER**

      — against —        03-cv-4785 (SLT) (JMA)
                                       08-cv-1593 (SLT) (JMA)
US AIRWAYS GROUP, INC. ET. AL.

                Defendants.
----------------------------------------------------------X

**TOWNES, United States District Judge:**

Fougere Q. Holcombe ("Plaintiff") brings this action against U.S. Airways Group, Inc. and U.S. Airways, Inc., (together, "US Airways"), Loretta Bove, Beth Holdren, and the International Association of Machinists and Aerospace Workers (the "Union") (collectively, "Defendants"), asserting breach of contract claims and alleging that Defendants discriminated and retaliated against her in violation of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law (NYSHRL), and the New York City Human Rights Law ("NYCHRL"). By Memorandum and Order dated September 30, 2014 (the "Order"), this Court, *inter alia*, granted US Airways and the Union's motions to dismiss Counts II and III of Plaintiff's 2010 Amended Complaint as time barred. *See Holcombe v. U.S. Airways Grp., Inc.*, 976 F. Supp. 2d 326, 336-37 (E.D.N.Y. 2013). On October 18, 2013, Plaintiff moved for reconsideration of the Order. (08-cv-1593 Dkt. 92; 03-cv-4785 Dkt. 135.) On February 25, 2014, Plaintiff's counsel, Vladimir Matsiborchuck ("Matsiborchuk"), filed a motion for fees in connection with Plaintiff's decision to terminate his representation, which Matsiborchuk alleges

was without cause. (08-cv-1593 Dkt. 114; 03-cv-4785 Dkt. 155.)[1] Currently before the Court is Plaintiff's motion for reconsideration of the Order and Matsiborchuk's Motion for Compensation. For the following reasons, the motion for reconsideration and Matsiborchuk's request for a retaining lien are denied, and Matsiborchuk's request for a charging lien is denied without prejudice to renew after the conclusion of the litigation.

## A. *Motion for Reconsideration*

Motions for reconsideration are governed by Rule 6.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. Rule 6.3 provides:

> A notice of motion for reconsideration ... shall be served with ... a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.... No oral argument shall be heard unless the court directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the court.

Local Civ. R. 6.3. The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked — matters ... that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Arum v. Miller*, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003).

"The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)

---

[1] On March 13, 2014, this Court referred Matsiborchuck's motion to Magistrate Judge Azrack. (08-cv-1593 Dkt. 118; 03-cv-4785 Dkt. 157.) Subsequently, Judge Azrack recused herself from further participation in this matter. (08-cv-1593 Dkt. 134; 03-cv-4785 Dkt. 170.) In the interest of efficiency, this Court withdraws the referral and addresses Matsiborchuck's motion. Additionally, on March 17, 2014, Matsiborchuck also moved pursuant 28 U.S.C. § 455(a) for Magistrate Judge Azrack to recuse herself from Matsiborchuck's motion to withdraw as counsel. (08-cv-1593 Dkt. 119; 03-cv-4785 Dkt. 158.) That motion is hereby terminated as moot.

(quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). A party seeking reconsideration may not "treat the court's initial decision as the opening of a dialogue in which that party may then use Rule [6.3] to advance new facts and theories in response to the court's rulings." *McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 727 F. Supp. 833, 833 (S.D.N.Y. 1989). "A motion for reconsideration is not an opportunity to relitigate claims that have already been adjudicated." *Williams v. County of Nassau*, 779 F. Supp. 2d 276, 279 (E.D.N.Y. 2011). Accordingly, on a motion for reconsideration, a party may not merely offer the same "arguments already briefed, considered and decided," nor may a party "advance new facts, issues or arguments not previously presented to the Court." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990).

Plaintiff seeks reconsideration on several grounds. None have merit.

First, Plaintiff contends that this Court misstated the date of an arbitral opinion – the Court used March 22, 2009, when the opinion was actually issued on March 22, 2010. The Court used that date to calculate the latest possible day that Plaintiff's hybrid breach-of-the-CBA/breach-of-the-Union's-duty-of-fair-representation claim accrued, for the purposes of applying the applicable 6 month statute of limitations. It was Plaintiff, in her 2010 Amended Complaint, who supplied the erroneous March 22, 2009 date to the Court. As the Court observed in its Order:

> Plaintiff's complaint indicates that the evidentiary hearing was held on September 24, 2009. However, as Plaintiff's complaint also alleges, the related opinion was issued on March 22, 2009, *before* the date on which Plaintiff purports the hearing occurred. The 2009 hearing date therefore appears to be an error. In any event, the precise date of the hearing is not material to any motion currently before the court.

*Holcombe*, 976 F. Supp. 2d at 334 n.2; *see also* 2010 Amended Complaint ¶ 154. Plaintiff cannot misrepresent facts to the Court, whether due to inadvertence or for strategic reasons, and

3

then seek reconsideration when the Court relies on her proffered facts to her detriment. *See In re Rezulin Products Liab. Litig.*, 224 F.R.D. 346, 352 (S.D.N.Y. 2004) (explaining that plaintiffs elected to proceed on a particular argument and, "[h]aving lost that gamble, [cannot] now seek reconsideration[ by raising new facts though an] affidavit which was not before the Court previously and which, therefore, could not possibly have been overlooked").

In any event, as the Court observed in its Order, "the precise date of the hearing [and subsequent opinion] is not material to any motion currently before the [C]ourt." *Id.* That is because the Court used the date of the arbitral opinion as the latest possible date on which Plaintiff's claim might have accrued, but also found that Plaintiff's claim accrued much earlier than the arbitral decision, in 2006, when "U.S. Airways violated the CBA" and Plaintiff's Union "fail[ed] to adequately represent her in the grievance process." *Id.* at 337. Thus, regardless of the date of the arbitral opinion, Plaintiff's hybrid claim was untimely and reconsideration on these grounds is denied.

Moreover, even if the Court did recalculate the statute of limitations for Plaintiff's hybrid claim using the March 22, 2010 date, Plaintiff's hybrid claim would still be untimely. Plaintiff does not dispute that she had 6 months to file her claim, and thus, using the March 22, 2010 date, she had until September 22, 2010 to assert her hybrid claims. Plaintiff did not do so until she filed her 2010 Amended Complaint on December 22, 2010, two months too late.

Second, Plaintiff contends, for the first time, that this Court cannot rely on the date that the arbitral opinion was issued as the date when she had notice of her hybrid claim because she was not a party to the arbitration and was not served with the decision. Plaintiff cannot make new arguments and allege new facts on a motion for reconsideration. *Caribbean Trading & Fid. Corp. v. Nigerian Nat. Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991). In any event, as

explained above, the Order relied on the date of the arbitral opinion as the *latest possible date* that Plaintiff's claim could have accrued, however the Court explained that Plaintiff's claim accrued as early as 2006. Thus, Plaintiff's motion for reconsideration on this basis is denied.

Third, Plaintiff argues that this Court erred in finding that the Union's conduct did not breach the CBA because "[t]he Court omits in its discussion Article 1(E) of the CBA, which prohibits the Union and US Airways from discriminating against its members and employers 'in violation of federal and state law.'" (Pl.'s Br. at 5.) Plaintiff misconstrues this Court's Order, which does not reach the merits of Count II (which alleges breach of the CBA by the Union and US Airways) because the claim is time barred. *Holcombe*, 976 F. Supp. 2d at 336-67. Article 1(E) of the CBA presents no basis for reconsideration because Plaintiff points to no law or facts overlooked by the Court.

Fourth and fifth, Plaintiff asserts that this Court erred in finding that Plaintiff did not plead her hybrid claim against the Union or put US Airways on notice of her claims for breach of the CBA in her 2003 and 2008 complaints. Plaintiff made these exact arguments in opposition to Defendants' motions to dismiss, and this Court rejected those arguments. As explained above, "[a] motion for reconsideration is not an opportunity to relitigate claims that have already been adjudicated." *Williams*, 779 F. Supp. 2d at 279. Thus, Plaintiff's motion for reconsideration on these grounds is denied.

Finally, Plaintiff asserts that she pleaded her breach-of-the-CBA claims in various motions and status reports submitted prior to her 2010 Amended Complaint. This is a new argument and thus cannot be raised for the first time on a motion for reconsideration. *See Caribbean Trading*, 948 F.2d at 115. In any event, Plaintiff, who was represented by counsel, could not assert her new cause of action through motions and status reports, but rather was

5

required to file an amended complaint raising her new claims — as she did on December 22, 2010. *See Malmsteen v. Universal Music Grp., Inc.*, 940 F. Supp. 2d 123, 135 (S.D.N.Y. 2013) (holding a cause of action waived where it was "nowhere to be found in the Amended Complaint" because "an opposition brief is not the place to raise new allegations.") (quotation marks, alterations and citations omitted)). Motions and status reports filed by Plaintiff prior to amending her complaint were of no relevance to this Court's analysis, and thus, Plaintiff has failed to raise new law or facts overlooked by this Court in resolving Defendants' motions to dismiss.

## *B. Motion for Compensation*

In his motion for compensation, Matsiborchuk seeks: (1) a judicial determination that he was not fired "for cause;" (2) a retaining lien in the amount of $4,398.58, which represents out of pocket expenses allegedly paid by Matsiborchuk; and (3) a charging lien in the amount of $184,128.70. (Br. at 2.)

### i. Judicial Hearing

On June 18, 2014, Judge Azrack issued a scheduling order which stated that "[t]he question of whether Mr. Matsiborchuk was fired for cause or without cause is an issue that will delay the underlying litigation," and determined, after careful consideration, that the issue would be more appropriately resolved after the resolution of the underlying action. (08-cv-1593 Dkt. 127, Scheduling Order at 1.) On July 3, 2014, after reviewing Matsiborchuk's objections, this Court affirmed Judge Azrack's decision based on the pertinent findings upon which it was grounded. (08-cv-1593 Dkt. 129.) Immediately thereafter, in a submission dated July 16, 2014, Matsiborchuk renewed his request for a judicial determination of whether he was fired "for cause." (08-cv-1593 Dkt. 130.) As Matsiborchuk has presented no reason to depart from Judge

Azrack's and this Court's determination that resolution of this issue be deferred until the conclusion of the underlying litigation, Matsiborchuk's renewed request for a judicial determination of whether he was fired "for cause" is denied with leave to renew upon the resolution of the underlying litigation.

### ii. Charging Lien

When an attorney-client relationship is terminated in the midst of the attorney's representation, the outgoing attorney may be entitled to payment in *quantum meruit* for the reasonable value of her services, provided she was not fired "for cause." *See Cohen v. Grainger, Tesoriero & Bell*, 81 N.Y.2d 655, 658 (1993). Generally, a lawyer's right to recover in *quantum meruit* accrues immediately upon discharge. *Id.* However, it is not an abuse of discretion for a district court to postpone determination of the fair and reasonable value, if any, of an attorney's services "either in order to avoid unnecessary delay in the underlying litigation, or if, under the particular circumstances of the case, a more accurate determination can be made later." *Universal Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C.*, 370 F.3d 259, 263–64 (2d Cir. 2004).

Here, in order to avoid unnecessary delay and because this Court will be in a better position to set the specific amount, if any, of Matsiborchuk's charging lien after the conclusion of the underlying litigation, this Court defers decision on the charging lien. This action is in the early stages of discovery. Delving into whether Matsiborchuk was terminated "for cause" and the accompanying determination of the fair and reasonable value of his services, if any, would be imprecise at this juncture and would undoubtedly slow the progress of Plaintiff's underlying claim. Matsiborchuk avers that he has maintained copious billing records in this action and thus, the likelihood that the passage of time will obscure the potential fee owed to him is significantly

diminished. (Reply Br. at 16 n.2.) Accordingly, Matsiborchuk's request for a charging lien is denied with leave to renew upon the conclusion of the underlying action.

### iii. Retaining Lien

"'Under New York law, a retaining lien entitles an attorney to keep, as security against payment of fees, all client papers and property, including money, that come into the attorney's possession in the course of employment, unless the attorney was discharged for good cause.'" *Naguib v. Pub. Health Solutions*, 12 CV 2561 ENV LB, 2014 WL 2002824, at *3 (E.D.N.Y. May 15, 2014) (quoting *Resolution Trust Corp. v. Elman*, 949 F.2d 624, 626 (2d Cir. 1991)). However, where "a fee-shifting statute is involved, there is an implicit bargain between attorneys who undertake such cases and the public. The statute provides a potential source of fees to prevailing counsel; in return, counsel may not obstruct the course of the litigation. In federal question cases ... retention of files should rarely, if ever, be permitted." *Miselkoff v. Int'l Bus. Machines Corp.*, 829 F. Supp. 660, 664 (S.D.N.Y. 1993); *see also Naguib*, 2014 WL 2002824, at *3; *Wilson v. Pasquale's DaMarino's, Inc.*, No. 10–CV–2709, 2013 WL 1195603, at *2 (S.D.N.Y. Mar. 24, 2013) ("[R]etaining liens are rarely granted in cases brought under federal fee-shifting provisions.").

Matsiborchuk asserts a retaining lien for alleged out-of-pocket expenses incurred by him during the course of his representation of Plaintiff. (Reply Br. at 11–15.) However, Matsiborchuk has not established that the surrounding circumstances necessitate deviating from the general rule against awarding retaining liens in matters involve fee-shifting statutes. Accordingly, Matsiborchuk's request for a retaining lien is denied.

## Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration is denied in its entirety. **[08-cv-1593 Dkt. 92; 03-cv-4785 Dkt. 135.]** Matsiborchuk's request for a retaining lien is denied and Matsiborchuk's request for a charging lien is denied without prejudice to renew after the conclusion of the underlying litigation. **[08-cv-1593 Dkt. 114; 03-cv-4785 Dkt. 155.]** Additionally, the Clerk of Court is respectfully directed to terminate as moot Matsiborchuck's motion for Magistrate Judge Azrack's recusal pursuant to 28 U.S.C. § 455(a). **[08-cv-1593 Dkt. 119; 03-cv-4785 Dkt. 158.]**

SO ORDERED.

S/
SANDRA L. TOWNES
United States District Judge

Dated: September 26, 2014
Brooklyn, New York